NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0387n.06
Filed: June 1, 2006

No. 05-3424

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PETAR KRCIC, VERA KRCIC, and NIKOLA KRCIC, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | ON PETITION FOR REVIEW FROM A FINAL ORDER OF THE BOARD OF IMMIGRATION APPEALS |
| ALBERTO R. GONZALES, Attorney General, | ) ) ) | |
| Respondent. | ) ) | |

Before: GUY, DAUGHTREY, and CLAY, Circuit Judges.

**PER CURIAM.** The petitioners in this case, Petar Krcic, his wife, Vera Krcic, and their son, Nikola Krcic, are ethnic Albanians from Montenegro in the former Yugoslavia and are now considered citizens of the country called Serbia and Montenegro. They entered the United States in 1994 without documentation or inspection and filed applications for asylum in 1997, asserting that they had been persecuted in Montenegro because of their ethnic background and because Petar Krcic had failed to report for military service under conscription by the Serbian army. The Krcics conceded removability and renewed their applications for asylum and withholding of removal, applying also for voluntary departure as alternative relief. Following an evidentiary hearing, an immigration judge denied their application. The Board of Immigration Appeals summarily affirmed the immigration judge's

decision and, on the petitioners' initial appeal to the Sixth Circuit, we denied their petition for review. *Krcic v. Ashcroft*, No. 02-4247 (6th Cir. December 6, 2004).

The petitioners secured new counsel, who filed a motion to reopen their case on the basis of prior ineffective assistance of counsel and worsening conditions in Serbia and Montenegro. That motion was denied by the BIA as untimely because it was filed more than 90 days after entry of the BIA order. The Board concluded that the claim of ineffective assistance of counsel was not borne out by the record. The Board also noted that even if timely, the motion to reopen could not be sustained, because the new allegations of past persecution could have been presented at the original hearing and because the changed conditions did not warrant reopening of the case. The Krcics now request us to overturn the Board's decision and remand the case with directions to reopen their removal proceedings. We find no legal basis on which to premise such an order.

The ineffective assistance of counsel claim was based on the petitioners' allegation that their original attorney had prevented them from presenting all their proof concerning prior persecution. But, as it unfolded, that "evidence" simply does not hold up to inspection. For example, in his initial asylum interview in 1997, Petar Krcic apparently described psychological abuse and discrimination that he had suffered as a result of his ethnicity but reported only one instance of physical abuse by authorities, saying that he was hit by police when he was interrogated about his failure to report for military duty. In his written application for asylum, Petar stated:

> I am seeking asylum because I am unwilling to return to my home country, Serbia-Montenegro, because I fear I will be persecuted because of the fact that I am a member of the ethnic Albanian minority in a majority Serbian country. The basis for my fear is that I have experienced a lifetime of discrimination and mistreatment, both official and unofficial, because of my ethnic identity. The persecution I experienced was heightened during the recent ethnic fighting between the states of former Yugoslavia. During this time, attempts were made to forcibly conscript me into military service, which would have resulted in my being sent to fight in a foreign country, either Bosnia or Croatia, in the Serb forces. The Serb forces have been condemned for performing atrocities and abusing the human rights of their victims in Bosnia and in Croatia. I did not want to participate in an army which behaved in such a fashion and I fled the country of Serbia/Montenegro in order to avoid such service.

At the subsequent evidentiary hearing in 2000, in response to questions by the immigration judge and his attorney, Petar confirmed that there was only one instance of physical abuse. Specifically, when asked by his attorney whether "anybody hurt [him] there," Petar responded, "No, that, that day when I was stopped by the police in the city, and the police pushed me down, so that was the day." By 2003, however, the petitioners' allegations of persecution had escalated to include numerous detentions by police, vicious beatings of both Petar and Vera because of their political activity, and a gang rape of Vera at the hands of three police officers. The Board concluded, as do we, that the record fails to reflect any reason why this evidence, if credible, was not included in the original application or presented at the evidentiary hearing.

The petitioners' proof with regard to changed country conditions consisted principally of articles and press releases describing the 2003 assassination of Prime Minister Zoran

- 3 -

Djindjic, which led to a 42 day state of emergency. However, there is nothing in the record

to connect that assassination to the Krcics or to rebut the finding of the Board that:

> [T]he State Department Report [as of July 2004] indicates that the government of Serbia and Montenegro generally respects human rights, although there were some problems resulting from the assassination and resulting 42-day state of emergency, which was widely supported by the population. The Report indicates that, in 2003, there were sporadic attacks against ethnic Albanians, in Serbia rather than Montenegro, where the [petitioners] are from. The Report does not indicate widespread actions against ethnic Albanians in Montenegro.

Indeed, in a previous case with parallels to the one now before us, we noted that, to the

extent that conditions had recently changed in Montenegro, they had changed for the

better. *See Pilica v. Ashcroft*, 388 F.3d 941, 955 (6th Cir. 2004) ("While there is still

societal discrimination against ethnic Albanians, the situation in Montenegro is better than

in other parts of [former] Yugoslavia, and progress has been made in recent years in

increasing Albanians' political representation.").

We review the denial of a motion to reopen deportation proceedings under an abuse

of discretion standard. *Daneshvar v. Ashcroft*, 355 F.3d 615, 625 (6th Cir.2004) (citing *INS*

*v. Abudu*, 485 U.S. 94, 96, 108 S.Ct. 904 (1988)). An abuse of discretion occurs when the

Board makes a decision "without a rational explanation, inexplicably departed from

established policies, or rested on an impermissible basis such as invidious discrimination

against a particular race or group." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)

(citation omitted). In this case, we are unable to conclude that the Board abused its

discretion in denying the Krcics's motion to reopen the proceedings, and we must therefore

DENY the petition to review the Board's final order.